UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

FILED
APR 2 2007
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | |
|---|---|
| ANTHONY BUTLER § | |
| § | |
| Plaintiff, § | C.A. NO. _____ |
| § | |
| v. § | A07CA258 SS |
| § | |
| K & G MEN'S COMPANY, INC. and § | |
| THE MEN'S WEARHOUSE, INC. § | |
| § | |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Anthony Butler brings this case against Defendant K & G Men's Company, Inc. and its parent company, The Men's Wearhouse, Inc. for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* [hereinafter "FLSA"] arising from Defendant's failure to properly compensate Plaintiff and other similarly-situated employees for working overtime. Plaintiff seeks damages in the form of back wages, an equal amount in liquidated damages and attorney fees and costs.

Plaintiff also brings this case against Defendants arising from Defendants' violation of the FLSA that occurred when Defendant K & G Men's Company, Inc. terminated Plaintiff in retaliation for actions in which Plaintiff engaged that were protected by the FLSA. Plaintiff seeks damages in the form of reinstatement, back pay and benefits, liquidated damages and attorney fees and costs.

Plaintiff pleads as follows:

# I.

## PARTIES

1. Plaintiff, Anthony Butler, is a resident citizen of Austin, Travis County, Texas.

2. Defendant, K & G Men's Company, Inc., is a foreign corporation authorized to do business in the State of Texas and may be served with process by serving its registered agent, CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002. Said Defendant is a wholly owned or controlled subsidiary of The Men's Wearhouse, Inc. a publicly-traded company.

3. Defendant, The Men's Wearhouse, Inc., the parent company of Defendant K & G Men's Company, Inc., is a domestic corporation authorized to do business in the State of Texas and may be served with process herein by serving its registered agent, Neill Davis, 5003 Glenmont, Houston, Texas 77081.

# II.

## JURISDICTION

4. This Court has jurisdiction conferred by Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b).

# III.

## STATEMENT OF FACTS

5. Plaintiff Butler began working for Defendant on or about 2004. He was hired as a sales associate and then promoted to the position of assistant store manager within several months. He performed successfully as the assistant store manager until his termination in February 2007.

6. As an assistant store manager, Plaintiff spent the majority of his time performing the same duties as were performed by the sales associates. Defendant properly classified the sales associates as non-exempt from the FLSA overtime provisions because the duties performed by the sales associates do not fall under the executive, administrative or professional exemptions. See FLSA, 29 U.S.C. § 213.

7. In the assistant store manager position, Plaintiff's primary duties were not administrative or executive, but were sales associate's duties. Plaintiff spent less than twenty percent (20%) of his time on exempt administrative or executive duties; most of the time, Plaintiff performed regular sales associate duties or duties that were closely supervised by the store manager.

8. Plaintiff performed the same type of duties in the assistant store manager position as did all assistant store managers employed by Defendant. All assistant store managers' primary duties were non-exempt duties similar to those performed by sales associate; all assistant store managers spent far-less than fifty percent (50%) of their time performing exempt executive or administrative duties.

9. Defendant acknowledged that, in his position as assistant store manager, Plaintiff was non-exempt under the FLSA and, therefore, was entitled to be paid overtime for every hour Plaintiff worked over forty (40) in one work week. As of April 1, 2006, Defendant started compensating Plaintiff and every other assistant store manager for every hour they worked over forty (40) in one work week under the fluctuating workweek method.

10. Notably, although Defendant changed the FLSA classification of Plaintiff and all other assistant store managers on April 1, 2006, their duties had not changed. They had been

performing non-exempt duties prior to April 1, 2006, and continued to perform the same duties thereafter. Nevertheless, Defendant did not compensated Plaintiff, or the other assistant store managers, in any manner for every hour over forty (40) they worked in the period before April 1, 2006.

11. Defendant instituted the fluctuating workweek method by which to pay the assistant store managers overtime under the FLSA, however, it did not meet the criteria by which the method could be instituted. Defendant did not pay the assistant store managers the same amount each week regardless of whether the assistant store managers worked less than forty (40) hours. Additionally, Defendant did not reach a clear understanding with the assistant store managers that they were non-exempt employees and that they were receiving overtime compensation based on the fluctuating workweek method.

12. In early November 2006, Plaintiff complained to his store manager Thomas Rose that, under the fluctuating workweek method, he was earning less than minimum wage some weeks. Mr. Rose told Plaintiff that he could not adjust Plaintiff's pay and that Plaintiff would have to contact Regional Manager Steve Cook. Plaintiff followed Mr. Rose's direction and telephoned Mr. Cook to pursue the complaint, but Mr. Cook did not return his call.

13. Mr. Rose started disciplining Plaintiff after he made his complaint. In November 2006, he reprimanded Plaintiff for taking a day off after Plaintiff had secured permission for the day off from Mr. Rose. In December 2006, Mr. Rose then reprimanded Plaintiff for a minor mistake made by another employee and for returning back late from lunch. In February 2007, Mr. Rose terminated Plaintiff for signing into work late and signing another employee in late when the computers crashed and Plaintiff and the employee could not sign in earlier

because the computers had to be re-booted.

14. The reasons given for Plaintiff's termination were mere pretext hiding that the termination was in retaliation for Plaintiff's complaint to Mr. Rose that he was being paid less than the minimum wage.

## COUNT I:

## FAILURE TO PAY OVERTIME IN VIOLATION OF FLSA

15. Plaintiff hereby reasserts and reincorporates the allegations listed in Paragraphs 1-16 above as if fully set forth below.

16. During the period of April 1, 2004, until February 2007, Defendant employed Plaintiff as an assistant store manager and willfully and with reckless disregard failed to pay wages and overtime compensation for periods of time that it suffered and permitted Plaintiff to work contrary to the requirements of Section 6 of the FLSA, 29 U.S.C. § 206.

17. During the period of April 1, 2004, until February 2007, Defendant employed Plaintiff as an assistant store manager for workweeks longer than forty (40) hours and willfully and with reckless disregard failed to pay Plaintiff for those hours at the rate of one-and-one-half (1 ½) times Plaintiff's regular rate of pay contrary to the requirements of Section 7 of the FLSA, 29 U.S.C. §207.

18. Plaintiff brings this action on behalf of all others who were employed by Defendant as assistant store managers during the period of April 1, 2004, until the present and who Defendant similarly willfully and with reckless disregard failed to pay wages and overtime compensation for periods of time that is suffered and permitted all assistant store managers to work contrary to the requirements of Section 6 of the FLSA, 29 U.S.C. § 206. Plaintiff

also brings this action on behalf of all others who were employed by Defendant as assistant store managers during the period of April 1, 2004, until the present for workweeks longer than forty (40) hours and willfully and with reckless disregard failed to pay those assistant store managers for those hours at the rate of one-and-one-half (1 ½) times their regular rate of pay contrary to the requirements of Section 7 of the FLSA, 29 U.S.C. §207.

19. As a result of the underpayment and non-payment of wages, Defendant is indebted to Plaintiff and all other assistant store managers in the amount of unpaid wages and an equal amount of liquidated damages.

## COUNT II:

### VIOLATION OF FLSA BY RETALIATING AGAINST PLAINTIFF FOR PROTECTED ACTIVITY

20. Plaintiff hereby reasserts and reincorporates the allegations listed in Paragraphs 1-19 above as if fully set forth below.

21. Plaintiff engaged protected activity when he made a complaint to the store manager that he was not being paid in accordance with the FLSA minimum wage provisions. Plaintiff was subsequently terminated by Defendant because he made a complaint related to the FLSA.

22. Defendant violated Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), when it terminated Plaintiff because of the complaint he made related to the FLSA.

23. As a result of this violation, Plaintiff suffered significant loss of wages and benefits and compensatory damages including, but not limited to, pain and suffering and mental anguish.

IV.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

a) Assign this case for trial at the earliest practicable date;

b) Enter judgment against Defendant in favor of Plaintiff and all other former and current assistant store managers, declaring Defendant's conduct to be in violation of Section 6 and 7 of the FLSA, 29 U.S.C. §§ 206 & 207;

c) Issue injunctive relief in the form of ordering Defendant to cease and desist from paying the assistant store managers less than one-and-one-half (1 ½) of each assistant store manager's regular hourly rate of pay for each hour the assistant store manager works over forty (40) in one work week;

d) Award Plaintiff and all other former and current assistant store managers appropriate back pay and an equal amount in liquidated damages;

e) Enter judgment against Defendant and in favor of Plaintiff finding that Defendant retaliated against Plaintiff by terminating him for making a complaint under the FLSA in violation of Section 15 of the FLSA, 29 U.S.C. § 215;

f) Award Plaintiff back pay, front pay and compensatory damages for the pain and suffering the Plaintiff experienced as a result of the Defendant's retaliatory actions;

g) Award Plaintiff his reasonable attorneys fees and costs for this action; and

h) Award Plaintiff all other legal or equitable relief to which he may be entitled.

V.

**REQUEST FOR JURY TRIAL**

Plaintiff hereby requests a jury trial.

                                Respectfully submitted,

                                By: _____
                                   William H. Kuykendall
                                   State Bar No. 11774500
                                **PLUMMER & KUYKENDALL**
                                106 East Sixth Street, Suite 900
                                Austin, Texas 78701
                                (512) 322-3992 Telephone
                                (512) 323-2958 Telecopier
                                    and
                                4200 Montrose Boulevard, Suite 410
                                Houston, Texas 77006
                                (713) 522-2887 Telephone
                                (713) 522-3605 Telecopier

                                ATTORNEY-IN-CHARGE FOR PLAINTIFF

○JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Anthony Butler

**DEFENDANTS**
K & G Men's Company, Inc.

(b) County of Residence of First Listed Plaintiff: Travis
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Harris
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
William H. Kuykendall, Plummer & Kuykendall, 106 E. 6th Street, Austin, TX 78701
(512) 322-3992

Attorneys (If Known)
A07CA258 SS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 362 Personal Injury - Med. Malpractice | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 365 Personal Injury - Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 320 Assault, Libel & Slander | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 340 Marine | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** |
| **REAL PROPERTY** | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) |
| ☐ 210 Land Condemnation | **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) |
| ☐ 220 Foreclosure | ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 530 General | | **FEDERAL TAX SUITS** |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 |
| | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | ☐ 890 Other Statutory Actions |
| | | | | ☐ 891 Agricultural Acts |
| | | | | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 893 Environmental Matters |
| | | | | ☐ 894 Energy Allocation Act |
| | | | | ☐ 895 Freedom of Information Act |
| | | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| | | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Labor Standards Act, 29 U.S.C. Sec. 201 et seq.

Brief description of cause:
Failure to pay overtime and termination in retaliation for making a FLSA complaint

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD
/s/ William D. Kuykendall

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

ORIGINAL

AO82
(Rev. 4/90)

# RECEIPT FOR PAYMENT
## UNITED STATES DISTRICT COURT
### for the
### WESTERN DISTRICT OF TEXAS

405654

RECEIVED FROM at Austin

William H. Kuykendall PC
P.O. Box 685003
Austin, TX 78768

| Fund | | ACCOUNT | AMOUNT |
|---|---|---|---|
| 6855XX | Deposit Funds | 086900 | 60.00 |
| 604700 | Registry Funds | 510000 | 150.00 |
| 508800 | General and Special Funds | 086900 | 100.00 |
| 085000 | Immigration Fees | | |
| 086900 | Attorney Admission Fees | | |
| 322340 | Filing Fees | | |
| 322350 | Sale of Publications | | |
| 322360 | Copy Fees | | |
| 143500 | Miscellaneous Fees | | |
| 322380 | Interest | | |
| 322386 | Recoveries of Court Costs | | |
| 121000 | Restitution to U.S. Government | | |
| 129900 | Conscience Fund | | |
| 504100 | Gifts | | |
| 613300 | Crime Victims Fund | | |
| 510000 | Unclaimed Monies | | |
| 510100 | Civil Filing Fee (½) | | |
| | Registry Fee | TOTAL | 350.00 |

Case Number or Other Reference
1:07 CV 258

New Case
Butler v. K96
Men's Co. Dc

$ Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

| DATE | Cash | Check | M.O. | Credit | DEPUTY CLERK |
|---|---|---|---|---|---|
| 4-3-07 | | ✓ #1035 | | | |